THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. DADY, Appellant, v. THE SUPERVISOR OF THE THIRTY-FIRST WARD OF THE CITY OF BROOKLYN, Formerly the Town of Gravesend, Respondent.

*Motion for reargument — appellate court, bound by the record — it cannot consider affidavits, not read at Special Term, showing further facts.*

As the General Term is an appellate court, it is necessarily bound by the record and cannot consider facts evidenced by affidavits which were not before the Special Term.

The court cannot consider, upon a motion for a reargument, an affidavit of counsel setting forth alleged newly-discovered evidence.

MOTION by the appellant, Michael J. Dady, for a reargument upon a decision of the General Term of the Supreme Court rendered July, 1895. (Reported in 89 Hun, 241.)

*James C. Church*, for the motion.

*H. B. Hubbard*, opposed.

BROWN, P. J.:

This motion is based upon two grounds: *First.* That the court misapprehended the facts in relation to the resolution of the board of supervisors relating to the opening and grading of Neptune avenue. *Second.* Upon newly-discovered evidence.

Upon the last ground the affidavit of counsel is as follows:

" Since the argument and decision of this case, however, I have discovered, by accident, that the board of supervisors, before the

supervisor of the town of Gravesend appointed the grading commissioners on the point in question, on January 30, 1893, passed a specific resolution amending the resolution of June 13, 1892, by striking therefrom the provision for the grading of Neptune avenue between West Fifteenth street and West Sixth street.

"After the passage of this amending resolution, the supervisor of the town of Gravesend, on the 1st day of February, 1893, appointed grading commissioners of Neptune avenue, between Old Lot 47 and West Fifteenth street, and the said grading commissioners duly filed their oaths of office on February 5, 1893."

The General Term being an appellate court, it would seem hardly necessary to state that we are bound by the record, and that we cannot consider any facts that were not before the Special Term and upon which the order appealed from was made.

We cannot, therefore, determine whether the resolution referred to in the affidavit had any vitality when the grading commissioners were appointed, or whether, as claimed by the respondent, it took effect only when approved by the supervisor at large.

Upon the other ground of the motion, it is said that the court in its opinion appears to have assumed (1) that the grading commissioners were appointed prior to the resolution of December 12, 1892, whereas, in fact, they were not appointed until February 1, 1893; (2) that the resolution of June 13, 1892, provided for the opening as well as the grading of Neptune avenue, whereas the opening of such avenue had been provided for by a resolution of the board passed November 25, 1885.

I fail to see that these criticisms, if true, are of any materiality in the decision of the case.

The facts are, as stated in the opinion of the court, that the contract which the relator holds was made with the grading commissioners; that the resolution of June 13, 1892, directed the grading of Neptune avenue from "West Sixth street to the westerly line of old lot forty-seven, excepting that portion between Shell Road and West Eighth street," and authorized the appointment of grading commissioners "to cause the same to be graded, constructed and improved;" that the resolution of December 12, 1892, made no reference to the resolution of June thirteenth; that it shifted the avenue forty feet to the south between West Sixth and West

Fifteenth streets and provided a new proceeding for the opening and grading of the southerly one-half of the avenue as changed.    This left the resolution of June thirteenth in full force as to the whole avenue therein directed to be graded except the northerly half between West Sixth and West Fifteenth streets, which, by the resolution of December twelfth, was closed.    The power of the supervisor was, therefore, under these two resolutions, confined to the appointment of grading commissioners for the district stated in the resolution of June 13, 1892, and he had no power, in appointing commissioners, to ignore that part of the avenue between West Sixth street and West Fifteenth street.    In vindication, however, of the charge that the court misapprehended the facts of the case, the attention of the appellant's counsel is called to the appeal papers.    It nowhere appears that the resolution for opening Neptune avenue was passed by the board of supervisors in November, 1885, or that the grading commissioners were appointed on February 1, 1893.    These facts, if they are material to the appellant's case, are stated for the first time on this motion.    The counsel is probably correct in stating that the resolution of June thirteenth provided only for the grading of Neptune avenue, but the point is of no importance as we assumed that the report of the opening commissioners had been confirmed. The resolution is, however, a long one and covers very many streets, and by section 23 it provided that all the provisions for opening and grading Voorhis avenue should apply to "Neptune avenue from West Sixth street to the westerly line of old lot forty-seven."

The motion is denied, with ten dollars costs.

PRATT and DYKMAN, JJ., concurred.

Motion for reargument denied, with ten dollars costs.